**FILED**
January 18, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

Case 1:23-cv-00017-H-BU    Document 1    Filed 01/18/23    Page 1 of 29    PageID



THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| Steve Van Horne, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **1-23CV-0017H** |
| **vs.** | § | |
| | § | CIVIL ACTION NO. |
| | § | |
| JUDGE ROBERT (BOB) JONES, and TYLER | § | |
| CAGEL in their official capacities, and JUSTICE | § | |
| OF THE PEACE PRECINCT 2 COURT. | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## COMPLAINT
*[Jury Trial Demanded]*

Comes now Plaintiff Steve Van Horne, appearing to notice this court, that Justice of the Peace Precinct 2, Judge Robert (Bob) Jones, and Assistant District Attorney Tyler Cagel are in civil violation of the laws of the United States of America Constitution, the Sovereign state of Texas, and is additionally involved in the violations of the Plaintiff' First, Fifth, and Fourteenth Amendments and natural rights and violations against the peace and dignity of Plaintiff within this state's Republic. Therefore, the Plaintiff files his Complaint under Title 42 U.S.C. Section 1983, and 42 U.S. Code § 1985 against Justice of the Peace Precinct 2, Judge Robert (Bob) Jones, and Assistant District Attorney Tyler Cagel for violations against certain protections guaranteed to him by the First, Fifth, and Fourteenth Amendments of the U.S. Constitution. And seek Declaratory, Injunctive Relief, and damages for the Defendants' actions under color of law in their capacities as government entity and officers against Plaintiff and alleges as follows:

## I.     SUMMARY

Black's law Dictionary 9th ed. definition of injury:

> *The violation of another's legal right, for which the law provides a remedy; a wrong or injustice...injury involves an actionable invasion of a legally protected interest.*

This claim arises from injuries suffered in part or in whole by Steve Van Horne, herein referred to as Plaintiff and is supported by the following:

On November 11, 2020, Plaintiff was stopped by Sherriff Deputy Kevin Waddle (radio # 11563), who issued Plaintiff a citation (Exhibit: A). Plaintiff refused to sign the citation, as Deputy Kevin Waddle noted in the signature line of the citation. Plaintiff also asserted that he was in his right to transport himself and property on the roads without a driver's license and also had religious reasons for not having a license. Plaintiff was not of his own free will going to appear before a justice judge.

On November 23, 2020, Plaintiff wrote "REFUSED FOR CAUSE, WITHOUT PREJUDICE, WITHOUT DISHONOR, WITHOUT RECOURSE on his copy of the citation (Exhibit: B), and mailed it to the Justice of the Peace PCT 2 in Merkel, Texas. Along with the citation, Plaintiff also enclosed a letter to the Court (Exhibit: C) in which Plaintiff stated that he was exercising the rights given to him by his Creator and further conveyed to the Court that he had committed no violations against his Creator, the United States, nor any laws of the State of Texas, which the court filed on November 30, 2020.

Plaintiff's religious organization prohibits him from acquiring state issued privileges or benefits, which are contrary to the direction the Creator is directing Plaintiff. For Plaintiff to comply with the licensing statute of the state, it would mean that he would have to act against his conscience, which would substantially burden Plaintiff, and set aside his personal right locomotion.

However, the Court ignored the letter that Plaintiff sent to the Court, and on December 16, 2020, Justice Court Clerk, Peggy Bishop, sent a Notice of Pre-Trial Hearing with the Assistant District Attorney (ADA) scheduled for January 12, 2021 at 301 Kent St. in Merkel, Texas, at 2:30 PM.

On January 12, 2021 Plaintiff went to the Pre-trial and met with the ADA Tyler Cagel outside the building, due to the imposed Covid-19 restrictions. The ADA wanted Plaintiff to pay for the tickets, however, Plaintiff refused, due to the fact that he believed he had not violated any laws. Plaintiff argued that he was not amendable to the court due to the fact that he was exercising his personal right (locomotion) and exercising religious beliefs and conscience. The ADA argued that Plaintiff was under Texas jurisdiction and had to pay the ticket. The hearing ended without any agreement however, as the ADA turned away it sounded like he said: *"I guess we will have to have a trial"* and walked back into the building.

On February 23, 2021 Justice Court Clerk, Peggy Bishop, signed a Notice of Bench Trial Hearing for the bench trial set for March 17, 2021 at 2:00 PM at the same building and sent it to Plaintiff (Exhibit D). In the notice it was stated: *"Failure to appear at date and time listed above will constitute warrants being issued for your arrest..."*

The threat of arrest if a person does not appear in court to a bench trial, while the Court refused to accept any evidence of its lack of jurisdiction over the person is to deprive the person of their private right and constitutionally protected Fourteenth Amendment rights of Due Process of Law (No person shall be...deprived of life, liberty, or property, without due process of law)

1- *"Due process of law in each particular case means such an exercise of the powers of the government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs."* **Cooley, Const. Lim. 441.**

2- *"...the constitutional requirement of due process is a requirement of judicial process"* **Northern Pipeline v. Marathon Pipe Line, 458 U.S. 50 (1982)**

3- *"As long recognized, some values are enjoyed under an implied limitation, and must yield to the police power. But obviously the implied limitation must have its limits, or the contract and due process clauses are gone. One fact for consideration in determining such limits is the extent of the diminution. When it reaches a certain magnitude, in most if not in all cases, there must be an exercise of eminent domain and compensation to sustain the act."* **Panhandle Eastern Pipeline Co. vs. State Highway Commission, 294 US 613**

4- *Whatever difficulty may be experienced in giving to those terms a definition which will embrace every permissible exertion of power affecting private rights, and exclude such as is forbidden, there can be no doubt of their meaning when applied to judicial proceedings. They then mean a course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence for the enforcement and protection of private rights. To give such proceedings any validity, there must be a tribunal competent by its*

*constitution—that is, by the law of its creation—to pass upon the subject-matter of the suit; and, if that involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction by service of process within the state, or his voluntary appearance.*
**Pennoyer v. Neff, 95 U.S. 733, 24 L.Ed. 565.**

Plaintiff was not served by a process server as required by the constitutional guarantee of due process of law, he was given a citation on the street by an agent of the state (Exhibits E-1 through E-4). When he responded with objections as a private entity he was threatened by letter with arrest if he did not appear before the court for a bench trial, of which he did not ask to have.

5- *Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved. If any question of fact or liability be conclusively presumed against him, this is not due process of law.*
**Zeigler v. Railroad Co., 58 Ala. 599.**

6- *An orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case.*
**Kazubowski v. Kazubowski, 45 DJ.2d 405, 259 N.E.2d282. 290.**

7- *Phrase means that no person shall be deprived of life. liberty, property or of any right granted him by statute, unless matter involved first shall have been adjudicated against him upon trial conducted according to established rules regulating judicial proceedings, and it forbids condemnation without a hearing.*
**Pettit v. Penn, La. App., 180 So.2d 66, 69.**

8- *Execution of process and the performance of duty by constituted officers must not be thwarted. But these agents, servants of a Government and a society whose existence and strength comes from these constitutional safeguards, are serving law when they respect, not override, these guarantees. The claim and exercise of a constitutional right cannot thus be converted into a crime.*
**Miller vs. U.S., 230 F. 486, 489**

We can see that Due Process of Law is for the protection of private rights such as the Plaintiff's. *To give such proceedings any validity, Plaintiff must be brought within the court's jurisdiction by service of process within the state, or his voluntary appearance, and his constitutional right of due process* must not be thwarted and his claim and exercise of said rights *cannot be converted into a crime against him.*

Plaintiff was exercising his right of locomotion and has not contracted with the Texas Corporation to operate under its commercial transportation code and did not sign the citation for these reasons. The unsigned citation is a breach of court protocol and amounts to a defect of service, thus voiding jurisdiction of the Justice Court. Besides, the Complaint, in this case is being made by the officer, Deputy Kevin Waddle, who is representing the state. Deputy Waddle cannot lawfully serve his own process. Legal process must be served by a disinterested third party.

### *Tex. R. Civ. P. Rule 103. Who May Serve*

*Process—including citation and other notices, writs, orders, and other papers issued by the court—may be served anywhere by*
*(1) any sheriff or constable or other person authorized by law,*
*(2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or*
*(3) any person certified under order of the Supreme Court. Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending.*
*But no person who is a party to or interested in the outcome of a suit may serve any process in that suite,*

The complaint issued is not of itself a proper warrant or indictment, nor can it be classified as a civil, or criminal action. It is not even a "charging instrument," where constitutionally protected rights are asserted, which is a

necessary element the court needs to have in any criminal indictment. If anything, the officer can be said only to be operating under "color of law."

Plaintiff was not constitutionally brought within the jurisdiction of the court by service of process within the state nor did he voluntarily appear. His appearance was due to the threat of being arrested. This is a clear and gross violation and depravation of Plaintiff's right to due process of law.

After receiving the Notice of Bench Trial for March 17, 2021 at 2:00 PM, Plaintiff replied on March 09, 2021, which was filed on March 12, 2021, and requested the following (Exhibit F-1 through F-6):

1. *That the hearing be on record, as the Respondent may desire to have a copy for future cause.*
2. *That the Respondent is not asked to swear or take any oats of any kind.*
3. *That foreign law be invoked by Respondent.*

Plaintiff also sent evidence of his religious affiliation, beliefs, and convictions, which he intended to use to prove the court's lack of jurisdiction with Exhibits:

1. *Exhibit A:*   *Pg. 1 & 2 of DECLARATION OF SOVEREIGNTY FOR THE KINGDOM OF יהוה ON EARTH*
2. *Exhibit B:*   *THE KINGDOM OF יהוה ON EARTH Department Of Travel Code*
3. *Exhibit C:*   *THE KINGDOM OF יהוה Kingdom Register Live Born Record for Steve Van Horn*
4. *Exhibit D:*   *THE KINGDOM OF יהוה ON EARTH Citizen of the Kingdom of Heaven's Authority*
5. *Exhibit E:*   *Proclamation on* Religious Freedom by President Donald Trump

Plaintiff is not a member of any sovereign citizen movement, however, Plaintiff belongs to a religious body which holds the Creator as Sovereign to who all honor, glory, and obedience belongs to first. Plaintiff's religious doctrine commands him to be governed separately from secular statutory codes, which are contrary to the natural law of his Creator and which are contrary to the vision of the founding fathers of the United States of America. Plaintiff has not contracted with the state of Texas to engage in any commercial activity, neither was he engaging in commercial when stopped by Deputy Waddle.

On March 12, 2021 Justice Court Clerk, Peggy Bishop, signed a Notice of Bench Trial Hearing for the bench trial set for April 14, 2021 at 1:30 PM at the same building in Merkel (Exhibit G).

On March 27th Plaintiff mailed yet another certified letter to the court – A lawful Notice of Special Appearance to challenge Subject Matter Jurisdiction and Personal Jurisdiction, Insufficient and Defective Process and Service. In the brief, Plaintiff stated the following:

*"NOW, comes Steve Vanhorn, the Accused, appearing by special appearance and not generally, or voluntarily, but under threat of arrest if he fails to do so. Steve Vanhorn has not entered into any contracts with the State of Texas, nor does he accept any privileges afforded by this state. Therefore, with this **BRIEF IN SUPPORT OF NOTICE FOR DISMISSAL FOR LACK OF JURISDICTION**," he is stating as follows:"*

The brief continued to state 26 pages of an argument as to why the Court had no jurisdiction over Plaintiff (Exhibit H).

According to Tex. R. Civ. P. Rule 120a - Special Appearance, Plaintiff should have been granted a special appearance:

*Notwithstanding the provisions of Rules 121, 122 and 123, a special appearance may be made by any party either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State. A special appearance may be made as to an entire proceeding or as to any severable claim involved therein.*

4

*An appearance may be either general or special; the former is a simple and unqualified or unrestricted submission to the jurisdiction of the court, the latter a submission to the jurisdiction for some specific purpose only, not for all the purposes of the suit.*
**Louisville & N. R. Co. v. Industrial Board of Illinois, 282 Ill. 136, 118 N.E. 483, 485.**

*A special appearance is for the purpose of testing the sufficiency of service or the jurisdiction of the court; a general appearance is made where the defendant waives defects of service and submits to the jurisdiction.*
**State v. Huller, 23 N.M. 306, 168 P. 528, 534, 1 A.L.R. 170.**

As it is clear to see that Plaintiff can request, *a special appearance, which is for the purpose of testing the sufficiency of service or the jurisdiction of the court.* However, the Court ignored the Plaintiff's Special Appearance notice to Challenge the Court's jurisdiction, and furthermore manipulated the proceedings to waive Plaintiff's right of a trial by jury and proceeded with the bench trial, of which the Plaintiff did not consent to nor was given a choice in the matter**.**

**Challenge to Personal and Subject Matter Jurisdiction**

Plaintiff filed a challenge to the in personam and subject matter jurisdiction of the court in the form of a Special Appearance. Without personal jurisdiction there cannot be any subject matter jurisdiction since the subject matter must be applied to the person. Even if said arm's length entry of a challenge to the jurisdiction of the court were not filed, the instant filing would still be timely for, as subject matter jurisdiction is a threshold issue, it cannot be waived, and may be challenged at any time.

*Subject-matter jurisdiction cannot be waived, and it may be raised at any point in the proceeding.*
*Alfonso v. Skadden, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam)*; *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P., 234 S.W.3d 726, 735 (Tex. App.-Dallas 2007, pet. denied*).

**Requisites of Subject Matter Jurisdiction**

**Jurisdiction Cannot Be Conferred by Agreement**
Jurisdiction cannot be waived and neither can it be stipulated to. Subject-matter jurisdiction cannot be conferred by judicial admission.

*Because Andrea herself filed a motion to modify, alleging in pertinent part, "[t]his Court has continuing, exclusive jurisdiction of this suit," it could be argued that she made a judicial admission that the trial court has subject matter jurisdiction or is estopped to deny the court's jurisdiction. However, subject matter jurisdiction cannot be conferred by agreement.*
**Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641, 649 (1933); J.M. Davidson, Inc. v. Webster, 49 S.W.3d 507, 515 (Tex.App.-Corpus Christi 2001, no pet.); Kanz v. Hood, 17 S.W.3d 311, 318 (Tex.App.-Waco 2000, pet. denied).**

*Nor can it be conferred by estoppel.*
**Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan, 51 S.W.3d 293, 294 (Tex. 2001) (per curiam).**

*If subject-matter jurisdiction cannot be conferred by agreement or estoppel, then it cannot be conferred by judicial admission.*
**In re A.C.S., 157 S.W.3d 9, 15 (Tex. App.-Waco 2004, no pet.).**

**Once Challenged Jurisdiction Must Be Proven**
On the filing of a complaint, jurisdiction is presumed, however, once jurisdiction is challenged the presumption of regularity is lost and jurisdiction must be proven before the court can reach the merits of the case.

*Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. Whether a court has subject matter jurisdiction is a question of law.*

*Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002),* **Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004)***; see also* **Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002)***.*.

## Court Must Prove Jurisdiction

Jurisdiction is a matter that the court must decide before proceeding. It is the court that has made a demand of a Plaintiff to stand and answer a criminal charge and, therefore, it is the court that must prove its authority to rule and make said demands.

*"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."*
**<u>Melo v. US, 505 F2d 1026</u>**.

## The court cannot reach the merits of the case

The court cannot reach any of the merits of the case before making a determination of jurisdiction.

<u>*Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167 (2d Cir. 2008),*</u> *aff'd 130 S. Ct. 2869 (2010) (quoting* <u>*Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir.2008)*</u>*) ("'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under <u>Rule 12(b)(1)</u> when the district court lacks the statutory or constitutional power to adjudicate it.'")*

Yet, the Justice Court, presided over by Judge Jones, ignored the challenge and the argument of Plaintiff's Brief and moved to find the Plaintiff guilty, without first proving its jurisdiction.

## Jurisdiction Not Within Discretion of Court

Plaintiff reminds this Court that the matter of jurisdiction is not a matter within the discretion of any court.

*Subject matter jurisdiction is an essential part of the authority of a court to decide a case, and it is never to be presumed and cannot be waived.*
**<u>Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993)</u>**.

*The reviewing court determines whether subject matter jurisdiction exists as a question of law, subject to de novo review.*
**<u>Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998)</u>***."*

*There has no discretion to ignore that lack of jurisdiction."*
**<u>Joyce v. US, 474 F2d 215</u>**.

*"The burden shifts to the court to prove jurisdiction.*
*"* **<u>Rosemond v. Lambert, 469 F2d 416.</u>**

## Jurisdiction Cannot Be Waived

The principles of waiver, consent, and estoppel do not apply to jurisdictional issue. The actions of the litigants cannot vest a court with jurisdiction above the limitations provided by the Constitution and Congress. In <u>Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982)</u>, the Supreme Court noted that:

*A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) . . . ."* <u>*Sinochem Int'l Co. Ltd. v. Malaysia Int'l*</u>

*Shipping Corp., 549 U.S. 422, 430–31 (2007) (declining to address jurisdiction and holding that district court had authority to dismiss action on forum non conveniens grounds before considering the merits) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on issues of law before adjudicating jurisdiction)).*

At Court, on April 14, 2021, Plaintiff verbally notified the Court/Judge Robert Jones that he was challenging the personal and subject matter jurisdiction of the court as they moved to begin the trial. The Judge replied: "Okay," yet proceeded with the Bench trial, by allowing the ADA Cagle to call Deputy Waddle as a witness. The judge, at ADA Cagle's request, then refused to allow Plaintiff to address any of the brief he had previously sent to the court to challenge the court's jurisdiction.

In an attempt to establish lack of jurisdiction in a secondary manner, Plaintiff attempted to introduce into evidence the brochure of the establishment of his religious order while Waddle was on the stand (Exhibit I). However, the judge, at the ADA's request, refused to allow Plaintiff to ask Deputy Waddle any questions pertaining to the information in the document.

The Supreme Courts have found that one appearing before a court is "*to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved.*" **Zeigler v. Railroad Co., 58 Ala. 599, Medenilla v. Civil Service Commission 272 Phil. 107 (1991) [Per J. Gutierrez, Jr., En Banc. Black's Law Dictionary, 4th Edition**.

Thus, the Court went on to find Plaintiff guilty, after refusing to allow him to introduce proof and material fact in the matter contained in Plaintiff's Brief and establishment of his religious order by questioning Mr. Waddle. Therefore, Judge Robert Jones failed to protect the Plaintiff's right to liberty, right to pursue happiness, right to freely practice and express religious beliefs, right to challenge the court, and right to due process of law, and interfered in a matter of conscience. The Court also violated multiple unalienable, Common law, and Constitutional rights of the Plaintiff, which are stated in this complaint, when the court ignored and effectually shut down all efforts made by Plaintiff to exercise his rights in Court.

Not only did the judge and ADA ignore the Plaintiffs right of conscience and exercise of his religious beliefs, but they also forced upon Plaintiff an illegal trial when they disregarded his challenge to the Court and failed to allow Plaintiff to exercise his right to a trial by jury, violating Plaintiff's Sixth and Seventh Amendment rights.

Amendment 6 Right to Trial by Jury: Historical Background

> *In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.*

Amendment 7

> *In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.*

As stated previously, the court, presided over by Judge Jones, under color of law, used threats of arrest and ignored the lawful procedures of serving due process in order to get Plaintiff into court, which created an environment of coercion and duress for the Plaintiff.

**1. Court, Presided Over By Judge Jones, Failed to Prove Personal and Subject Matter Jurisdiction**

**Courts Has No Jurisdiction To Move Beyond Jurisdictional Challenges Without First Proving Jurisdiction**

*JURISDICTION, practice. A power constitutionally conferred upon a "judge or magistrate, to take cognizance of, and decide cases according to law, and to carry his sentence into execution. 6 Pet. 591; 9 John. 239.*

In Tv Azteca, S.A.B. De C.V., Patricia Chapoy, And Publimax, S.A. De C.V. V Gloria De Los Angeles Trevino Ruiz, et al. The Supreme Court of Texas stated that: *A court has power to decide a case only if it has "both subject matter jurisdiction over the controversy and personal jurisdiction over the parties." Spir Star AG v. Kimich, 310 S.W.3d 868, 871 (Tex. 2010).* Subject matter jurisdiction involves a court's "power to hear a particular type of suit," while personal jurisdiction "concerns the court's power to bind a particular person or party." *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996).

5 U.S. Code § 556 (d):

*"...the proponent of a rule or order has the burden of proof. Any oral or documentary evidence may be received, but the agency as a matter of policy shall provide for the exclusion of irrelevant, immaterial, or unduly repetitious evidence. A sanction may not be imposed or rule or order issued except on consideration of the whole record or those parts thereof cited by a party and supported by and in accordance with the reliable, probative, and substantial evidence... A party is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts..."*

The Defendants did not allow Plaintiff to present his case and the Court imposed sanctions without allowing any evidence from Plaintiff.

### 2. Deprivation of Religious Practice and Expression

The Justice Court received documentation which supported Plaintiff's religion, religious beliefs, and that his actions are based upon matters of conscience, not crimes against the state, according to standing law of the land.

In the case Trustees of The New Life In Christ Church *V.* City Of Fredericksburg, Virginia, Decided January 18, 2022, Justice Gorsuch of the Supreme Court of the United States wrote:

*"The First Amendment does not permit bureaucrats or judges to "subject" religious beliefs "to verification." About this, the Court has spoken plainly and consistently for many years. In Serbian Eastern Orthodox Diocese for United States and Canada v. Milivojevich, for example, a state court conducted a " 'detailed review' " before determining that a church's decision was " 'not in accordance with the prescribed procedure of the constitution and the penal code of the Serbian Orthodox Church.' " 426 U. S. 696, 718 (1976). This Court reversed, explaining that such governmental intrusions into ecclesiastical questions are "impermissible." Id., at 718–719. Absent proof of insincerity or fraud, a church's decisions " 'on matters purely ecclesiastical, although affecting civil rights, are accepted in litigation before the secular courts as conclusive.' " Id., at 729 (emphasis added); see also **Gonzalez v. Roman Catholic Archbishop of Manila, 280 U. S. 1, 16 (1929); Our Lady of Guadalupe School v. Morrissey-Berru, 591 U. S. ___ (2020) (slip op., at 26)."***

### Amendment I

*"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof"*

Black's Law Dictionary 4th ed. defines "ecclesiastical" as:

*Pertaining to anything belonging to or set apart for the church, as distinguished from "civil" or "secular," with regard to the world.*

If a religious organization is not compelled to function *in accordance with the prescribed procedure of the US Constitution* when it comes to ecclesiastical matters, neither is a religious organization compelled to function in accordance with the prescribed procedure of statutory codes of a state, which it has no agreements with, when it comes to ecclesiastical matters.

Justice Gorsuch further conveyed that the US Supreme Court would not subscribe to secular officials, including judges, manipulating religious practices and churches, serving as judges to religious truth, and that religious persons, would enjoy the right "to DECIDE FOR THEMSELVES, FREE FROM STATE INTERFERENCE, matters of faith and doctrine:

> *"The Framers of our Constitution were acutely aware how governments in Europe had sought to control and manipulate religious practices and churches. They resolved that America would be different. In this country, we would not subscribe to the "arrogant pretension" that secular officials may serve as "competent Judge[s] of Religious truth." Memorial and Remonstrance Against Religious Assessments, in Selected Writings of James Madison 21, 24 (R. Ketcham ed. 2006). Instead, religious persons would enjoy the right "to decide for themselves, free from state interference, matters of . . . faith and doctrine." Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in North America, 344 U.S. 94, 116 (1952).... Bureaucratic efforts to "subject" religious beliefs to "verification" have no place in a free country."*

The founding fathers recognized the right of the religious body, of which Plaintiff's belongs, to govern themselves separate from secular worldly governments according to their faith, doctrine, and conscience, free from state interference, as long as they do not infringe on the rights of others. Plaintiff's religious doctrine prohibits him from accepting any privileges from the state, of which driver's license grants a permission to exercise a state's privilege to drive or operate a vehicle in the state for commercial purposes.

> *"...For while a Citizen has the Right to travel upon the public highways and to transport his property thereon, that Right does not extend to the use of the highways, either in whole or in part, as a place for private gain. For the latter purpose, no person has a vested right to use the highways of the state, but is a privilege or a license which the legislature may grant or withhold at its discretion."*
> **State vs. Johnson**. 243 P. 1073; **Hadfield v. Lundin, 98 Wash. 516, 657, Ann. Cas. 1918C, 942, L.R.A. 1918B, 909, 169 P. 516; Gizzardelli v. Presbrey, 44 R.I. 333, 117 A. 359; Cummins v. Jones**, 79 Or. 276, 155 P. 171; **Memphis St. Ry. Co. v. Rapid Transit Co.**, 133 Tenn. 99, Ann. Cas. 1917C, 1045, L.R.A. 1916B, 1143, 179 S.W. 635; **Packard v. Banton, 264 U.S. 140, 68 L. Ed. 598, 44 Sup. Ct. Rep. 256, 257.**

> *"The Right of the Citizen to travel upon the public highways and to transport his property thereon, either by horse drawn carriage or by **automobile**, is not a mere privilege which a city can prohibit or permit at will, but a common Right which he has under the right to life, liberty, and the pursuit of happiness."* **Thompson vs. Smith**, 154 SE 579

The founding Fathers established the manner in which one should declare themselves separate.

> *When in the Course of human events, it becomes necessary for one people to dissolve the political bands which have connected them with another, and to assume among the powers of the earth, the separate and equal station to which the Laws of Nature and of Nature's God entitle them, a decent respect to the opinions of mankind requires that they should declare the causes which impel them to the separation.*
> **The Declaration of Independence In Congress, July 4, 1776 The unanimous Declaration of the thirteen united States of America,**

Plaintiff clearly stipulated his religious beliefs as doctrine and why the religious body of which he belongs, choose to be governed outside of government interference in the first paragraph of the first page of the brochure he sent to the Court (Exhibit I), which states:

*After attempting to adhere to the policies of secular governments while at the same time remain true to our covenantal duties with our Creator, it became very clear that the policies of secular governments continuously stray further and further from the edicts of the Supreme Creator. Due to this fact, it became an impossible task to serve secular governments while at the same time serving our Supreme Creator. Therefore, we the emissaries of the Supreme Creator, in the heavens, and on this earth, moved to establish* THE KINGDOM OF יהוה *ON EARTH, on the Day of Atonement, and Jubilee September 23rd, 2015 to proclaim the Message of The Kingdom that the Law of the Creator may be honored, and His Prophets (testimonies of the law of* יהוה*) may be believed throughout the Earth as a covenant.*

It is stated as fact in the last 2 paragraphs of page 6 and all of page 7 of the same brochure that Plaintiff has entered into an absolute covenant with his Creator and has been commanded to be governed separately from that which acts contrary to his Creator's law as a matter of ecclesiastical doctrine in the following:

1. 2 Corinthians 6:17-18 *"Therefore come out from among them and be separate, says the Creator. Touch nothing that's a mixture of good and evil, and I will receive you."*
2. Revelation 18:3-4: *"Come out of her, my people, so that you will not share in her sins or contract any of her plagues."*
3. Isaiah 52:11: *"Depart, depart, go out from there! Touch no polluted thing; come out from it, purify yourselves, you who carry the vessels (body corporate) of the Supreme Creator."*
4. Jeremiah 51:6:*"Flee out of the midst of Babylon, and deliver every man his soul: be not cut off in her iniquity."*
5. Ezra 6:21: *"all such as had separated themselves unto them from the filthiness of the people of the land, to seek the Father of Israel, did eat..."*
6. *Exodus 23:32 You shall make no covenant with them or with their gods.*
7. *Exodus 34:12 Exodus 34:12,15 Take heed to yourself, else you make a covenant with the inhabitants of the land where you go, and it be for a snare in the midst of you.*
8. *Deuteronomy 6:13 Reverence* יהוה *your Father, serve Him only, and take your oaths in His name.*
9. *Matthew 4:10 "For it is written: 'Serve* יהוה *your Father and serve Him only.'"*

The founding Fathers documented that one could

*1. dissolve the political bands which have connected them with another, in this case the state.*

*2. assume among the powers of the earth, the separate and equal station to which the Laws of Nature and of Nature's God entitle them, (notice that Laws of Nature and of Nature's Creator entitles them) and,*

*3.* That the decent requirement is *that they should declare the causes which impel them to the separation*:

Plaintiff gave the court of Robert Jones documents to this affect, and his actions are supported by the law of the land.

No government official is above the law of the land.

*"No state, legislator, executive or judicial officer can "War" against (or test the limitations of) the Constitution without violating their undertaking to support it. The Constitution created a government dedicated to equal justice under law. The Fourteenth Amendment embodied and emphasized that ideal…no State shall deny to any person within its jurisdiction the equal protection of the laws. Our constitutional ideal of equal justice under law is thus made a living truth."* (Book, Our Nation's Archive © 1999 pg 701)
**Cooper v. Aaron, By Chief Justice Earl Warren**

*"Insofar as a statute runs counter to the fundamental law of the land, (constitution) it is superseded thereby."*
(16 Am Jur 2d 177, Late Am Jur 2d. 256)

The Texas Constitution, Article 1. Bill of Rights, Sec. 6.  Freedom Of Worship, States:

> *All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences.  No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent.  No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship.  But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship.*

Merriam Webster's Dictionary since 1828 (https://www.merriam-webster.com/dictionary/whatever) Definition of *whatever, as in "No human authority ought, in any case whatever"* is:
> *"no matter what"*

The Cambridge Dictionary (https://dictionary.cambridge.org/dictionary/english/whatever) Definition of *whatever* is:
> *"it is not important what is; it makes no difference what (is)"*

The Britannica Dictionary (https://www.britannica.com/dictionary/whatever) Definition of *whatever* is:
> *"no matter what : regardless of what"*

The Justice of Peace court is clearly a human authority and the Texas constitution explicitly stated that "*No human authority ought, in any case whatever (no matter what; regardless of what), to control or interfere with the rights of conscience in matters of religion*". Yet, under Judge Jones it interfered with Plaintiff's rights of conscience in matters of his religious expression, by ignoring the challenge to the court, and by proceeding with a bench trial without Plaintiff's consent. The Court then proceeded to find Plaintiff guilty without first proving that the Court had jurisdiction, Subsequently, substantially burden Plaintiff's free exercise of religion.

Pursuant Texas Civil Practice and Remedies Code Sec. 110.003.
> *"a government agency may not substantially burden a person's free exercise of religion."*

The Supreme Court of the United States has found that:

*"a state issued driver's license forces the Plaintiff to pay enormous sums of money for the Plaintiff, if he insists on living in accordance with his religious beliefs. This law clearly imposes a substantial burden on those beliefs."* **Burwell V. Hobby Lobby Stores, Inc**

It has been held by various Supreme Courts that "religion" has reference to:

*Bond uniting man to God, and a virtue whose purpose is to render God worship due him as source of all being and principle of all government of things.*
**Nikulnikoff v. Archbishop, etc., of Russian Orthodox Greek Catholic Church, 255 N.Y.S. 653, 663, 142 Misc. 894.**

*Man's relation to Divinity, to reverence, worship, obedience, and submission to mandates and precepts of supernatural or superior beings. In its broadest sense includes all forms of belief in the existence of superior beings exercising power over human beings by volition, imposing rules of conduct, with future rewards and punishments.* **McMasters v. State, 21 Okl. Cr. 318, 207 P. 566, 568, 29 A.L.R. 292. Davis v. Beason, <u>133 U.S. 333</u>, 10 Sup. Ct. 299, 33 L. Ed. 637; 4 Words and Phrases, Second Series, p. 253; People v. Board of Education, 245 Ill. 334, 92 N.E. 251, 29 L.R.A. (N.S.) 442, 19 Ann. Cas. 220; State v. Amana Society, 132 Iowa, 304, 109 N.W. 894, 8 L.R.A. (N.S.) 909, 11 Ann. Cas. 231.**

Pursuant Texas Civil Practice and Remedies Code "Free exercise of religion" is defined as

*"an act or refusal to act that is substantially motivated by sincere religious belief."*
**Sec. 110.001,**

8 U.S.C. §1101(a)(14) conveys that self-governing religious bodies under the mandate and a trusteeship under their Creator, such as Plaintiff's Religious body, shall be regarded as a *"Separate Foreign State":*

*"The term "foreign state" includes outlying possessions of a foreign state, but self-governing dominions or territories under mandate or trusteeship shall be regarded as separate foreign states."*

Not that they are literally a *"separate foreign state"* outside of the geographical area of the USA, but that they shall be viewed as their own state within the geographical area of the USA. Plaintiff supplied the court with evidence that he should be regarded as a foreign state based upon the fact that his religious body and he is under mandate and trusteeship (Exhibit F-4). Therefore, Judge Robert Jones acted outside of his capacity pertaining to the religious matters presented in this complaint and by binding plaintiff without first establishing jurisdiction.

Capacity is:

*"the attribute of persons which enables them to perform civil or juristic acts."*
**Sargent v. Burdett, 96 Ga. 111, 22 S.E. 667; 2 Com. Dig. 294.**

Not only did Judge Jones act outside of his capacity by violating Due Process of Law rights, by ignoring challenges to the court's jurisdiction, and depriving the religious, conscience and expression of Plaintiff, he also violated the declared decrees set out in the Declaration of Independence, the US Constitution, and the Texas Constitution, which allow Religious bodies to make ecclesiastical decisions on matter of faith and doctrine separate and without the state. The judge's actions resulted in the court finding Plaintiff guilty and ordered him to pay monies, which in essence is the taking of Plaintiff's personal property without due process.

The Oklahoma Supreme Court defined property as:

*The word is also commonly used to denote everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal; everything that has an exchangeable value or which goes to make up wealth or estate. It extends to every species of valuable right and interest, and includes real and personal property, easements, franchises, and incorporeal hereditaments.*

**Samet v. Farmers' & Merchants' Nat. Bank of Baltimore, C.C.A.Md., 247 F. 669, 671; Globe Indemnity Co. v. Bruce, C.C.A. Okl., 81 F.2d 143, 150.**

## Judicial Immunity Is Not Absolute

The various Supreme Courts' rulings have proven that judicial immunity is not absolute. Judicial immunity is lost when a judge acts outside of his or her jurisdiction when clear evidence of lack of jurisdiction is present.

> *When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost.*
> **Rankin v. Howard, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.**

> *Indeed, when the limits of legitimate authority are wholly abandoned, the judge's act may cease to be "judicial." See, e. g., Lopez v. Vanderwater,* **620 F.2d 1229, 1235 (7th Cir.1980)**

> *judge's prosecutorial acts were nonjudicial; no immunity for such acts*; **Gregory v. Thompson, 500 F.2d 59, 64 (9th Cir.1974)**

> *…the District Court held that no federal action would lie against any of the defendants because the Circuit Judge, the only state agent, was absolutely immune from suit under the doctrine of judicial immunity. The Court of Appeals reversed, holding that the "crucial issue" was whether the Circuit Judge acted within his jurisdiction, that he had not, that, accordingly, he was not immune from damages liability, and that, in any event, he had forfeited his immunity "because of his failure to comply with elementary principles of procedural due process.*
> **" Stump v. Sparkman, id., 435 U.S. 349 (1978).**

> *The Stump Court identified two specific factors to be considered in determining whether an act is "judicial": "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and ... the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."* **435 U.S. at 362, 98 S.Ct. at 1107.**

> *A judge… will be subject to liability only when he has acted in the "clear absence of all jurisdiction,"* **Bradley v. Fisher, 13 Wall. 335, 80 U. S. 351. Pp. 435 U. S. 355-357.**

> *In order to claim immunity from civil action for his acts, it is generally necessary that a judge be acting within his jurisdiction as to subject matter and person.*
> **Davis v. Burris, 75 P.2d 689 (Ariz. 1938)**

> *No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government, and every man who by accepting office participates in its functions is only the more strongly bound to submit to that supremacy and to observe the limitations which it imposes upon the exercise of the authority which it gives.*
> **United States v. Lee, 106 U.S. 196 (1882)**

Courts generally assume that they acquire jurisdiction of the person by summons or citations. However, if the court exercises a specialty subject matter Jurisdiction and the party served does not rail into that jurisdiction by his own acts or omissions, then the summons or citations cannot on their own give the court personal jurisdiction of the party served. Under the licensing privilege afforded by the Texas Transportation Code a citation can be issued without the due process of the constitution. However, not if one is simply exercising their constitutionally protected right of locomotion.

*"Personal liberty -- consists of the power of locomotion, of changing situations, of removing one's person to whatever place one's inclination may direct, without imprisonment or restraint unless by due process of law."*

**Bovier's Law Dictionary, 1914 ed., Black's Law Dictionary, 5th ed.: Blackstone's Commentary 134; Hare, Constitution    Pg. 777**

*Locomotion -* removing one's person to whatever place one's inclination may direct, without imprisonment or restraint unless by due process of law *– Personal liberty is a constitutionally protected right.*

*There is a clear distinction between an individual and a corporation... an individual may stand upon his Constitutional Rights as a Citizen. He is entitled to carry on his private business in his own way... He owes no duty to the State... since he receives nothing therefrom, beyond the protection of his life, liberty, and property... and the immunity of himself and his property from arrest or seizure except under warrant of law. He owes nothing to the public so long as he does not trespass upon their rights.*
***Hale vs. Hinkel**, 201 US 43, 74-75*

It is the duty of every judge, including Judge Jones, to secure the rights of the people by being watchful against any stealthy encroachments thereon.

*"It is the duty of the courts to be watchful for the Constitutional rights of the citizen and against any stealthy encroachments thereon."*
**Boyd vs. United States, 116 US 616**

And...

*We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.-- That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed.*
**In Congress, July 4, 1776 The unanimous Declaration of the thirteen united States of America,**

As the founding fathers clearly stated, Government's only duty is to protect the unalienable rights of the people who consented to be governed by them.

**A Judge's Duty Is To Interpret And Apply The Laws That Governs The People.**

The Texas Code of Judicial Conduct states the following:

***Preamble***

*Our legal system is based on the principle that an independent, fair and competent judiciary will interpret and apply the laws that govern us. The role of the judiciary is central to American concepts of justice and the rule of law. Intrinsic to all sections of this Code of Judicial Conduct are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to enhance and maintain confidence in our legal system. The judge is an arbiter of facts and law for the resolution of disputes and a highly visible symbol of government under the rule of law.*

***Canon 2: Avoiding Impropriety and the Appearance of Impropriety in All of the Judge's Activities***

*A. A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.*

*B. A judge shall not allow any relationship to influence judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge.*
***Canon 3: Performing the Duties of Judicial Office Impartially and Diligently***

A. ***Judicial Duties in General****. The judicial duties of a judge take precedence over all the judge's other activities. Judicial duties include all the duties of the judge's office prescribed by law*
B. (8) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.
   (9) A judge should dispose of all judicial matters promptly, efficiently and fairly.

## II.    FACTUAL ALLEGATIONS:

**Elements for Establishing this Claim**

United States law allows an individual who believes that his or her constitutional rights have been violated or conspired to be violated, to bring a civil action against the government or official to recover the damages sustained as a result of that violation. Specifically, 42 USC §1983, and 42 U.S. Code § 1985:

*"provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws by any person acting under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Gomez v Toledo, 446 US 635, 638 (1980) (internal quotations omitted). This statute, enacted to aid in "the preservation of human liberty and human rights,'" Owen v. City of Independence, 445 U. S. 622, 445 U. S. 636 (1980), quoting Cong. Globe, 42d Cong., 1st Sess., App. 68*

*The Federal Courts Improvement Act (FCIA), Pub. L. No. 104-317, 110 Stat. 3847 (1996), which amended section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."*

Black's Law Dictionary 9th ed. defines declaratory judgment as:
   *A binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement... Also termed declaratory decree; declaration.*

The United States Constitution is a declaratory decree and Judge Jones, and Assistant District Attorney Tyler Cagel acting in their official judicial capacities, violated this living declaratory decree.

42 U.S.C. § 1985 also state that two or more persons will be considered to have conspired to impede, hinder, obstruct, or defeat, the due course of justice if such persons conspire to:

1. deny to any citizen the equal protection of the laws; or
2. injure him/her or his/her property for lawfully enforcing the right of any person, or class of persons, to the equal protection of the laws.

If as a result of the conspiracy, one or more persons are injured in person or property, or is deprived of any of their rights or privileges, the party so injured or deprived may have an action for the recovery of damages, against the conspirators.

The Defendants conspired to deny Plaintiff equal protection of the laws. The Defendants conspired to deny Plaintiff due process of law. The Defendants conspired to violate the personal liberty of Plaintiff. The

Defendants conspired to deny Plaintiff free exercise of religion. The deprivation of Plaintiff from exercising his rights caused injury.

## COUNT 1 – DEFENDANTS' DENIED PLAINTIFF SIXTH AMENDMENT RIGHT

**Amendment VI**

*In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.*

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. The Defendants denied Plaintiff of his Sixth Amendment right when the Defendants held a bench trial without allowing Plaintiff the right to a trial by jury, effectively denying Plaintiff of his constitutional right to choose a trial by jury.

2. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, caused Plaintiff to be denied the Sixth Amendment right.

3. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff protection of the Sixth Amendment right.

4. Defendants' actions intentionally and willfully deprived Plaintiff of Sixth Amendment right and without recourse for the arbitrary conduct of Defendants.

5. Defendants' actions proximately caused damages to Plaintiff as alleged.

6. As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his constitutionally protected rights of the Sixth Amendment right. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

## COUNT 2 – DEFENDANTS' DENIED PLAINTIFF SEVENTH AMENDMENT RIGHT

**Amendment VII**

*In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.*

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. The Defendants denied Plaintiff of his Seventh Amendment right when the Defendants held a bench trial without allowing Plaintiff the right of a trial by jury, effectively denying Plaintiff of his constitutional right to choose a trial by jury.

2. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, caused Plaintiff to be denied the Seventh Amendment right.

3. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff protection of the Seventh Amendment right.

16

4. Defendants' actions intentionally and willfully deprived Plaintiff of Seventh Amendment right and without recourse for the arbitrary conduct of Defendants.

5. Defendants' actions proximately caused damages to Plaintiff as alleged.

6. As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his constitutionally protected rights of the Seventh Amendment right. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

### COUNT 3 – DEFENDANTS' DENIED PLAINTIFF EQUAL PROTECTION OF THE LAWS

*No right granted or secured by the Constitution of the United States can be impaired or destroyed by a state enactment, whatever may be the source from which the power to pass such enactment may have been derived... if, by their necessary operation, its regulations looking to either of those ends amount to a denial to persons within its jurisdiction of the equal protection of the laws, they must be deemed unconstitutional and void. Gibbons v. Ogden, 9 Wheat. 1, 22 U. S. 210; Sinnot v. Davenport, 22 How. 227, 63 U. S. 243; Missouri, Kansas & Texas Railway v. Haber, 169 U. S. 613, 169 U. S. 626.* **Connolly vs. Union Sewer Pipe Co.,** 184 US 540

The law [Rule 120a] affords for an individual to challenge the jurisdiction of the court over the person. Yet, Plaintiff was denied that right by Defendants in violation of his right to have equal protection of the laws. Plaintiff was also denied the opportunity to show evidence to prove his case by Defendants.

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. Plaintiff was not given the opportunity to have the right of controverting, by proof, every material fact which bears on the question of right before the Court.

2. The Defendants interfered with Plaintiff's right to equal protection of the laws when Plaintiff was denied the opportunity to challenge the Court's jurisdiction over Plaintiff.

3. The Defendants interfered with Plaintiff's right to equal protection of the laws when the Defendants held a bench trial without allowing Plaintiff the right to a jury trial, effectively denying Plaintiff of his constitutional right to choose a trial by jury.

4. Defendants denied Plaintiff of due process of law by refusing Plaintiff the opportunity to challenge Court's jurisdiction over Plaintiff and denying Plaintiff of his constitutional right to choose a trial by jury.

5. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, caused Plaintiff to be denied equal protection of the laws.

6. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff equal protection of the laws.

7. Defendants' actions intentionally and willfully deprived Plaintiff of equal protection of the laws without due process of law and without recourse for the arbitrary conduct of Defendants.

8. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

9. As government agents Defendants should have known their duties were to protect the rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his constitutionally protected rights of equal protection of the laws. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

**COUNT 4 – LIABILITY AND VIOLATION OF DUE PROCESS OF LAW**

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

*Ang Tibay v. Court of Industrial Relations, 69 Phil. 635 (1940) [Per J. Laurel, En Banc], states the seven (7) cardinal primary rights in "trials and investigations of an administrative character" Id. at 641-642 for due process to be satisfied:*

*(1) The first of these rights is the right to a hearing, which includes the right of the party interested or affected to present his own case and submit evidence in support thereof. In the language of Chief Justice Hughes, in Morgan v. U.S., . . ., "the liberty and property of the citizen shall be protected by the rudimentary requirements of fair play."*

*(2) Not only must the party be given an opportunity to present his case and to adduce evidence tending to establish the rights which he asserts but the tribunal must consider the evidence presented. In the language of this court in Edwards vs. McCoy, . . ., "the right to adduce evidence, without the corresponding duty on the part of the board to consider it, is vain. Such right is conspicuously futile if the person or persons to whom the evidence is presented can thrust it aside without notice or consideration."*

*(3) "While the duty to deliberate does not impose the obligation to decide right, it does imply a necessity which cannot be disregarded, namely, that of having something to support its decision. A decision with absolutely nothing to support it is a nullity, a place when directly attached." This principle emanates from the more fundamental principle that the genius of constitutional government is contrary to the vesting of unlimited power anywhere. Law is both a grant and a limitation upon power.*

*(4) Not only must there be some evidence to support a finding or conclusion, but the evidence must be "substantial." "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." . . . The statute provides that 'the rules of evidence prevailing in courts of law and equity shall not be controlling.' The obvious purpose of this and similar provisions is to free administrative boards from the compulsion of technical rules so that the mere admission of matter which would be deemed incompetent in judicial proceedings would not invalidate the administrative order. But this assurance of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force. Mere uncorroborated hearsay or rumor does not constitute substantial evidence.*

*(5) The decision must be rendered on the evidence presented at the hearing, or at least contained in the record and disclosed to the parties affected. Only by confining the administrative tribunal to the evidence disclosed to the parties, can the latter be protected in their right to know and meet the case against them. It should not, however, detract from their duty actively to see that the law is enforced, and for that purpose, to use the authorized legal methods of securing evidence and informing itself of facts material and relevant to the controversy....*

*(6) [The tribunal or officer], therefore, must act on its or his own independent consideration of the law and facts of the controversy, and not simply accept the views of a subordinate in arriving at a decision...*

*(7) [The tribunal or officer] should, in all controversial questions, render its decision in such a manner that the parties to the proceeding can know the various issues involved, and the reasons for the decisions rendered. The performance of this duty is inseparable from the authority conferred upon it. Id. at 642-644, (Citations omitted)*

**In Gas Corporation of the Philippines v. Inciong182 Phil. 215 (1979) [Per CJ. Fernando, Second Division].**

1. Plaintiff was not given the opportunity to exercise the right of controverting, by proof, every material fact which bears on the question of right before the Court.

2. The Defendants interfered with Plaintiff's right to due process of law when Plaintiff was denied the opportunity to challenge the Court's jurisdiction over Plaintiff.

3. The Defendants interfered with Plaintiff's right to due process of law when the Defendants held a bench trial without giving Plaintiff the choice of a jury trial, effectively denying Plaintiff of his constitutional right to choose a trial by jury.

4. Defendants denied Plaintiff of due process of law by refusing Plaintiff the opportunity to challenge Court's jurisdiction over Plaintiff and denying Plaintiff of his constitutional right to choose a trial by jury.

5. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, caused Plaintiff to be denied due process of law.

6. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff due process of law.

7. Defendants' actions intentionally and willfully deprived Plaintiff of due process of law and without recourse for the arbitrary conduct of Defendants.

8. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

9. As government agents Defendants should have known their duties were to protect the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his constitutionally protected rights of due process of law. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

## COUNT 5 – FAILURE TO SECURE THE PERSONAL LIBERTY OF PLAINTIFF

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

The Preamble of the Constitution of the United States, pronounces:

> *We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America...*
> *"to secure these (inalienable) rights, Governments are instituted among Men, deriving their just powers from the consent of the governed"*
> **The unanimous Declaration of the thirteen united States of America**

The Defendants' power to govern comes from those who consent to be governed by it and according to the manner the people prescribe. The right of locomotion, of practicing religion in the manner one chooses as long as they do not infringe upon another's right is to be secured, as is the right to challenge a Court, a right to a trial by jury, and a right to due process of law are secured under personal liberty.

1. Acting as agents of the state of Texas, Defendants denied Plaintiff of right to challenge the court, right to a trial by jury, refused Plaintiff due process of law.

2. Defendants knew, or should have known, that they had no lawful authority to deny Plaintiff of constitutionally protected rights to challenge the Court and to be heard, as Plaintiff was exercising his right of locomotion.

3. Defendants' actions caused Plaintiff to be found guilty of a crime he did not commit.

4. Defendants' conduct constituted deprivation of Plaintiff rights.

5. As a result of depriving Plaintiff his rights, Defendants failed to protect the Plaintiff's rights and Plaintiff suffered damages.

6. As government agents Defendants should have known their duties were to protect the constitutionally protected rights of all Americans and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to not secure Plaintiff's constitutionally protected rights. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the Defendants.

### COUNT 6 – DEFENDANTS VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHT

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

In the Texas Civil Practice and Remedies Code Sec. 110.001, "Free exercise of religion" is defined as
> *"an act or refusal to act that is substantially motivated by sincere religious belief."*

The Supreme Court has found that
> *"Absent proof of insincerity or fraud, a church's decisions " 'on matters purely ecclesiastical, although affecting civil rights, are accepted in litigation before the secular courts as conclusive.' " Id., at 729 (emphasis added); see also Gonzalez v. Roman Catholic Archbishop of Manila, 280 U. S. 1, 16 (1929); Our Lady of Guadalupe School v. Morrissey-Berru, 591 U. S. ___ (2020) (slip op., at 26).*

The justice Court received documentation regarding the religiously motivated reason Plaintiff refused to act in compliance with certain statutory codes of the state. *Sec. 110.001, (1).* The Defendants did not receive any *proof of insincerity or fraud* from any party and should have *accepted* Plaintiff's religious documents *before the Justice court as conclusive.* However, Defendant blocked and disregarded all attempts of Plaintiff to provide proof of his innocence and unamendability to the Court and found Plaintiff guilty of crimes for *exercising the constitutionally protected Right of locomotion, of which his religious beliefs and conscience prohibits any privileges from the state.*

> *"The claim and exercise of a constitutional Right cannot be converted into a crime."*
> **Miller vs. U.S.**, 230 F. 486, 489

Therefore, Plaintiff's religious expression to exercise his personal liberty of locomotion while refraining from taking on the commercial privilege of the state driver's license <u>– cannot be made into a crime since it is guaranteed by the Constitution.</u>

> *"There can be no sanction or penalty imposed upon one because of this exercise of constitutional Rights."*
> **Sherar vs. Cullen**, 481 F. 946

This is a substantial burden upon Plaintiff pursuant the Texas Civil Practice and Remedies Code and the Court had a duty to not substantially burden Plaintiff's free exercise of religion. *Sec.110.003.* As this applies to any ordinance, rule, order, decision, practice, or other exercise of governmental authority and each law of this state unless the law is expressly made exempt from the application of this chapter by reference to this chapter. *Sec. 110.002 (a),(c).* And cannot be suspended Sec. *110.002 (d),(2).*

1. The Defendants failed to protect the Plaintiff's inalienable and constitution right to freely exercise religion.

2. Plaintiff expressed to the Court through multiple documents, his religious status and rights. Yet Plaintiff was denied the right to exercise his right to express his sincere religious practices as a matter of his conscience.

3. As government agents Defendants should have known their duties were to protect the constitutionally protected unalienable rights of Plaintiff (*Declaration of Independence*) and if they knew, they acted willfully, knowingly

and/or purposefully, and with deliberate indifference to not secure Plaintiff's constitutionally protected rights. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the Defendants.

## COUNT 7 – DEFENDANTS FAILED TO SECURE PLAINTIFF'S FIRST AMENDMENT RIGHT

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

*We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness.-- That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed*

The duty of government is clearly to secure the *unalienable Rights endowed to the people by their Creator.* The Supreme Court of US has found that *"the basic purpose of the First Amendment provisions … is to insure that no religion be inhibited and religious exercise to exist … without interference."*
**Walz v. Tax Comm'n of the City of New York, 397 U.S. at 669**

1. The Defendants failed to protect the Plaintiff's unalienable and constitution right to freely exercise religion.

2. Plaintiff expressed to the Court through multiple documents, his religious status and rights. Yet Plaintiff was denied the right to exercise his right to express his sincere religious practices as a matter of his conscience.

3. As government agents Defendants should have known their duties were to protect the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to not secure Plaintiff's constitutionally protected rights. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the Defendants.

## COUNT 8 – CONSPIRED TO DENY PLAINTIFF SIXTH AMENDMENT RIGHT

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. The Defendants conspired to deny Plaintiff of his Sixth Amendment right when the Defendants knowingly and deliberately held a bench trial without giving Plaintiff the choice of a jury trial, to spite of Plaintiff challenge of the Court's Jurisdiction and Plaintiff arguing his actions being a matter of conscience, effectively acting in union to deny Plaintiff of his constitutional right to choose a trial by jury.

2. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, deprived Plaintiff of his Sixth Amendment right.

3. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff of his Sixth Amendment right.

4. Defendants' actions intentionally and willfully deprived Plaintiff of his Sixth Amendment right and without recourse for the arbitrary conduct of Defendants.

5. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

6. As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his Sixth Amendment right. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

## COUNT 9 – CONSPIRED TO DENY PLAINTIFF SEVENTH AMENDMENT RIGHT

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. The Defendants conspired to deny Plaintiff of his Seventh Amendment right when the Defendants knowingly and deliberately held a bench trial without giving Plaintiff the choice of a jury trial, to spite of Plaintiff challenge of the Court's Jurisdiction and Plaintiff arguing his actions being a matter of conscience, effectively acting in union to deny Plaintiff of his constitutional right to choose a trial by jury.

2. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, deprived Plaintiff of his Seventh Amendment right.

3. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff equal protection of his Seventh Amendment right.

4. Defendants' actions intentionally and willfully deprived Plaintiff of his Seventh Amendment right and without recourse for the arbitrary conduct of Defendants.

5. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

6. As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his Seventh Amendment right. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

## COUNT 10 – CONSPIRED TO DENY PLAINTIFF EQUAL PROTECTION OF THE LAWS

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. The Defendants conspired to deny Plaintiff of his right to equal protection of the laws when the Defendants knowingly and deliberately held a bench trial without giving Plaintiff the choice of a jury trial, to spite of Plaintiff challenge of the Court's Jurisdiction and Plaintiff arguing his actions being a matter of conscience, effectively acting in union to deny Plaintiff of his constitutional rights due process of law, his personal liberty, his pursuit of happiness.

2. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, deprived Plaintiff of equal protection of the laws.

3. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff of equal protection of the laws.

4. Defendants' actions intentionally and willfully deprived Plaintiff of equal protection of the laws right and without recourse for the arbitrary conduct of Defendants.

5. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

6. As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his equal protection of the laws right. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

## COUNT 11 – CONSPIRED TO DENY PLAINTIFF DUE PROCESS OF LAW

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. The Defendants conspired to deny Plaintiff of his right to Due Process of law when the Defendants knowingly and deliberately held a bench trial without giving Plaintiff the choice of a jury trial, and denying Plaintiff the opportunity to defend himself, in spite of Plaintiff challenge of the Court's Jurisdiction and Plaintiff arguing his actions being a matter of conscience, effectively acting in union to deny Plaintiff of his constitutional rights due process of law, his personal liberty, his pursuit of happiness.

2. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, deprived Plaintiff of Due Process of law.

3. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff of Due Process of law.

4. Defendants' actions intentionally and willfully deprived Plaintiff of Due Process of law right and without recourse for the arbitrary conduct of Defendants.

5. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

6. As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of Due Process of law right. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

## COUNT 12 – DEFENDANTS VIOLATED THE PERSONAL LIBERTY OF PLAINTIFF

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. The Defendants violated the personal liberty of plaintiff when the Defendants threatened Plaintiff with arrest if he did not appear in court.

2. The threat effectively forced Plaintiff into court against his free will without proper process service.

3. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, violated Plaintiff's personal liberty.

4. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which violated Plaintiff's personal liberty.

5. Defendants' actions intentionally and willfully violated and deprived Plaintiff of personal liberty and without recourse for the arbitrary conduct of Defendants.

6. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

7. As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to violate and deprive Plaintiff of his personal liberty. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

## COUNT 13 – CONSPIRED TO DENY PLAINTIFF OF FREE EXERCISE OF RELIGION

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

The Religious Freedom Restoration Act of 1993 Sec. 2, (a),(3) and the Texas Civil Practice And Remedies Code, on behalf of Religious Freedom: Sec. 110.003 (b). Religious Freedom Protected conveys that:
   *a government agency may not substantially burden a person's free exercise of religion.*

Considering the fact that Plaintiff had demonstrated to the Defendants, by documents, an act or refusal to act that is substantially motivated by his sincere religious belief, and conscience,

   *"Free exercise of religion" means an act or refusal to act that is substantially motivated by sincere religious belief.* **Sec. 110.001 Texas Civil Practice And Remedies Code**

… and Defendants essentially disregarded all evidence of Plaintiff's *Free exercise of religion*, special appearance petition, and without proving their jurisdiction, jointly proceeded to have a bench trial without the consent of Plaintiff, demonstrates the act of conspiring or incompetence.

1. The Defendants conspired to deny plaintiff of his free exercise of religion when the Defendants jointly acted to disregard Plaintiff's evidence of religious exercise, petition of special appearance and forced a bench trial upon Plaintiff.

2. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, denied plaintiff of his free exercise of religion.

3. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied plaintiff of his free exercise of religion.

4. Defendants' actions intentionally and willfully violated and deprived Plaintiff of his free exercise of religion and without recourse for the arbitrary conduct of Defendants.

5. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to denied plaintiff of his free exercise of religion. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants

## COUNT 14 – CONSPIRED TO TAKE PLAINTIFF'S PROPERTY WITHOUT DUE PROCESS OF LAW

   14th Amendment states: *…nor shall any state deprive any person of life, liberty, or property, without due process of law;*

The word *"property"* is defined as:
   *The word is also commonly used to denote everything which is the subject of ownership, corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal; everything that has an exchangeable value or which goes to make up wealth or estate. It extends to every species of valuable right and interest, and includes real and personal property, easements, franchises, and incorporeal hereditaments.*
   **Samet v. Farmers' & Merchants' Nat. Bank of Baltimore, C.C.A.Md., 247 F. 669, 671; Globe Indemnity Co. v. Bruce, C.C.A. Okl., 81 F.2d 143, 150**

*In reference to the infliction of punishment and divesting of the rights of property, it has been repeatedly held in this State, and it is believed, in every other of the Union, that there are limitations upon the legislative power, notwithstanding those words; and that the clause itself means that such legislative acts, as profess in themselves directly to punish persons or to deprive the citizen of his property, without trial before the judicial tribunals, and a decision upon the matter of right, as determined by the laws under which it vested, according to the course, mode and usages of the common law as derived from our fore-fathers, are not effectually laws of the land," for those purposes.*

**Hoke v. Henderson, 15 N.C. 1, 4 Dev. 1 (1833)**

Plaintiff incorporates the previous argument and following paragraphs by reference herein.

1. The Defendants conspired to take plaintiff's property without due process of law when the Defendants knowingly and deliberately held a bench trial without giving Plaintiff the choice of a jury trial, finding Plaintiff guilty, and ordering the payment of monies, to spite of Plaintiff challenge of the Court's Jurisdiction and Plaintiff arguing his actions being a matter of conscience, effectively acting in union to deny Plaintiff of his constitutional right to choose a trial by jury.

2. Defendants' conduct under color of law, either in their individual acts or contribution to this abusive environment, that conspired to take plaintiff's property without due process of law.

3. The Defendants ignored procedural and substantive requirements in an unlawful de facto campaign which denied Plaintiff equal protection of his Seventh Amendment right.

4. Defendants' actions intentionally and willfully deprived Plaintiff of his Seventh Amendment right and without recourse for the arbitrary conduct of Defendants.

5. Defendants' actions proximately caused damages to Plaintiff as previously alleged.

6. As government agents Defendants should have known their duties were to protect the Constitution and the constitutionally protected unalienable rights of Plaintiff and if they knew, they acted willfully, knowingly and/or purposefully, and with deliberate indifference to deprive Plaintiff of his Seventh Amendment right. Due to the nature of Defendants' conduct, Plaintiff is entitled to recover damages against the individual Defendants.

The Defendants conspired to deny Plaintiff equal protection of the laws. The Defendants conspired to deny Plaintiff **DUE PROCESS OF LAW**. The Defendants conspired to **VIOLATE THE PERSONAL LIBERTY OF PLAINTIFF**. The Defendants conspired to deny **PLAINTIFF FREE EXERCISE OF RELIGION**. The deprivation of Plaintiff from exercising his rights caused injury.

The Defendants conspired to deny Plaintiff equal protection of the laws.

### III.    CONCLUSION

Plaintiff has been a model citizen of this planet for almost 60 years. His sole run-in with law enforcement has come at the sensitive issue of matter of conscious in regard to his religious convictions and carrying and presenting state issued documents which his religion prohibits. This, and only this, has put him at odds with the police powers of the land of which the Supreme Court has stated that:

*"…the mandate of a state issued driver's license forces the Plaintiff to pay enormous sums of money for the Plaintiff, if he insists on living in accordance with his religious beliefs. This law clearly imposes a substantial burden on those beliefs…"*

Burwell V. Hobby Lobby Stores, Inc. No. 13–354, 723 F. 3d 1114, Affirmed; No. 13–356, 724 F. 3d 377

## IV.    JURISDICTION AND VENUE

The Plaintiffs, being Private Human Being living in and over this union state Republic, and a victim of civil abuse by Defendants, a department of the state government of Texas and before mentioned Agents, hereby makes an appearance before this court and demand that a Jury Trial be established herein to exercise its primary function to ascertain the true nature of Defendants' acts committed under color of law and in violation of numerous provisions of civil and Constitutional law as set forth above with the purview and jurisdiction of this court and Jury.

## V.    THE PARTIES

Plaintiff Steve Van Horn is a minister and member of a religious society, which is created by, and under a Holy Trust organization. Plaintiff is under the trusteeship and ecclesiastical mandate of this religious order and has consented to its doctrine as a way of life. This includes not accepting any privileges from secular governments, which subsequently has resulted in friction with unconstitutional elements of Texas law enforcement, especially the state privilege of driver's license. Other than the issue of driver's license and state regulated verifications, Plaintiff has had no record of run-ins with Texas law enforcement. Plaintiff is *NOT* affiliated with any movement or group outside of what he has disclosed in his complaint.

Justice of the Peace Precinct 2, is a governmental judicial entity of the state of Texas which in cases involving misdemeanors, small civil disputes, landlord/tenant disputes and more. The Court also conducts inquests, perform marriage ceremonies, and also serves as a sub-station for auto registration in Taylor County. It is headquartered at 301 Kent St. in Merkel, Texas, in Taylor County.

Judge Robert (Bob) Jones is the presiding judge over Justice of the Peace Precinct 2, or was on April 14, 2021.

Assistant District Attorney Tyler Cagel was an Assistant District Attorney on April 14, 2021. Mr. Cagel left the DA's office to practice Criminal Defense. Mr. Cagel has represented clients accused of crimes ranging from First-Degree Felonies to simple Class C Misdemeanors and is the current president of the Big County Criminal Defense Lawyers Association. His last known place of employment is 3444 N 1st St, Abilene, TX 79603.

Plaintiff has submitted evidence in this complaint that, in regards to the Plaintiffs, the Defendants have operated illegally outside the bounds of any valid law or capacity, Constitutional Authority, jurisdiction, or venue with respect to Plaintiff's natural, constitutionally protected personal rights.

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him damages.

With the argument presented the Plaintiff moves this Court to:

1. Award Plaintiff's claim damages in the amount of $3,750,000.00
2. Injunctive relief sufficient to train the state officials involved to respect the right of all citizens that appear before them.
3. Injunctive relief sufficient to order an apology from the Defendants.
4. Punitive damages against Defendants sufficient to deter further abuse of Plaintiff's constitutional rights.

26

5. Injunctive relief sufficient to protect Plaintiff and his family from any future encroachment upon Plaintiff's rights.

6. Reasonable Propria Persona's fees, costs, and expenses of this legal action taken as provided by law;

7. Litigation expenses, costs, pre-and post-judgment interest as provided by law;

8. Pre-judgment and post judgment interest at the highest rates allowed by law; and

9. Such other relief as to which Plaintiffs may be entitled.

Respectively submitted this 29th day of September 2022 by:

/s/ Steve Van Horne
Steve Van Horne
Ahfl3242@aol.com
3242 Beltway South
Abilene, TX 79606
(325) 692-2481
*Pro Se Plaintiffs*

Note to United States District Clerk:



Please serve, by US Marshall, one copy of this complaint to each of the following:

Judge Robert (Bob) Jones and Justice of The Peace Precinct 2 Court
301 Kent St. Merkel, Texas 79536, in Taylor County

Tyler Cagel 3444 N 1st St, Abilene, TX 79603, in Taylor County

After filing these documents please email a copy of the page(s) which the Court stamped, along with any additional pages attached to the complaint by the court to:

Ahfl3242@aol.com

If this is not possible, please state in writing the available federal procedural options by which this request may be granted and send to the email address provided:

Thank you for your time and patience in this matter.


/s/Steve Van Horne



Retail

**UNITED STATES POSTAL SERVICE.**

US POSTAGE PAID
**$9.35**

Origin: 79601
01/17/23
4800170604-27

USPS RETAIL GROUND®

1 Lb 1.80 Oz

RDC 06

C003

SHIP
TO:
341 PINE ST
ABILENE TX 79601-5913

USPS TRACKING® #

9534 6116 5739 3017 4520 05

US District Court
341 Pine st # 2008
Abilene TX 79601



3242 Bellvue S.
Abilene Texas 79606



RECEIVED
JAN 1 8 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS