IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| STEVE VAN HORNE, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 1:23-cv-00017-H-BU |
| | § |
| JONES, *et al.*, | § |
| | § |
| Defendants. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steve Van Horne, proceeding pro se, filed a Complaint on January 18, 2023, alleging that Defendants violated his rights when he was prosecuted for driving without a license on November 11, 2020.[1] Under Special Order No. 3-251 of this Court, this case was automatically referred for the determination of non-dispositive matters and the issuance of findings, conclusions, and recommendation on all dispositive matters. *See* Dkt. No. 2.

Now before the Court is Plaintiff's second Application to proceed *in forma pauperis* (IFP).[2] Dkt. No. 6. After a review of the Application and for the reasons stated below, the undersigned RECOMMENDS that the Court deny Plaintiff's Application to Proceed in the

---

[1] Many of the claims asserted by Van Horne are similar to claims presented in case 1:21-cv-173-BU, where he challenged the constitutionality of Texas's driver license requirement in connection with a traffic violation on March 16, 2021. Van Horne now appears to seek to relitigate those claims as well as allegations that the Defendants violated his rights throughout his prosecution. *See* Dkt. No. 1.

[2] Van Horne previously filed a Motion to proceed IFP (Dkt. No. 4) on January 18, 2023. The Court issued a Notice of Deficiency ordering Van Horne to complete the Court's Application to Proceed in District Court Without Prepaying Fees. Dkt. No. 5. The Clerk is DIRECTED to terminate Dkt. No. 4 as it has been amended and replaced by Dkt. No. 6.

District Court Without Prepaying Fees or Costs because paying the $402.00 filing fee will not cause Plaintiff to suffer undue financial hardship.

## I. DISCUSSION

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an IFP determination, courts should consider whether payment of the filing fee will result in the applicant "suffering undue financial hardship." *Id*. The Court may consider the total monetary resources available to assist the applicant, including a spouse's income, in making this determination. *See Montiel v. Wyndham Anatole Hotel*, No. 3:03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov. 6, 2003) (recommending denial of motion to proceed IFP where plaintiff and spouse had a combined monthly income of $3,360); *see also Prows*, 842 F.2d at 140 (holding that Section 1915(a) provides access to federal courts for plaintiffs "who lack the financial resources" to pay filing costs). The Court may also review and consider whether Plaintiff's expenses are discretionary or mandatory. *Prows*, 842 F.2d at 140.

The financial information provided by Plaintiff shows that his monthly income is $2,700 from two employers and that his spouse earns $1,200. Thus, Plaintiff and his Spouse have a combined yearly income of $46,800.[3] *See* Dkt. No. 6 at 1. However, Plaintiff states that he does not expect to earn any income in the upcoming month. *Id.* at 2. Although Plaintiff provides that he is presently employed at both of his jobs, he does not explain why

---

[3] Plaintiff also provides payments that he does not classify as income, such as "free room, board, and up to $300.00 monthly for utilities" and "travel expenses whe[n]ever [he] is sent [to] ministerial duties." Dkt. No. 6 at 5.

he will not earn any income during the next month from his two jobs. *See id.* Additionally, later in his Application, Plaintiff states that he does not expect any major changes in his income during the next 12 months. *Id.* at 5. Thus, the undersigned analyzes Plaintiff's Application with the specified yearly income of $46,800.

Plaintiff states that his household includes him, his spouse, and three adult children, with ages of nineteen, twenty, and twenty-six. *Id.* at 3. Regarding expenses, Plaintiff indicates that his family's expenses total $3,775 each month, which includes $2,000 a month in food, $675 a month in utilities, $500 in home maintenance, $350 for transportation. *Id.* at 4–5.[4]

The applicable poverty guideline for a guideline of a family five is $35,130.[5] Thus, after review of Plaintiff's Application, the undersigned concludes that Plaintiff has sufficient funds to pay the $402 filing fee in this case. *See, e.g.*, *Fiedler v. Bridely*, Civil No. 4:17CV75-ALM-KPJ, 2017 WL 1829079, at *1 (E.D. Tex. Apr. 5, 2017) (finding that spending $600 a month or 19% of an income on food for a family of two is a discretionary expense); *Bruton v. Colvin*, No. 4:14-CV-083-A, 2014 WL 840993, at *1 (N.D. Tex. Mar 4, 2014) (holding that plaintiff's annual income totaling $54,900.00 far exceeded the poverty level for a family of give and plaintiff therefor had sufficient resources to pay the filing fee).

---

[4] Plaintiff provided that both him and his spouse each spend $250 on home maintenance and $1,000 on food every month. Dkt. No. 6 at 4. Although it is possible that Plaintiff erred when completing the form and duplicated these expenses, such a mistake would further demonstrate that the paying of the $402.00 filing fee will not cause Plaintiff to suffer undue financial hardship. *See id.*

[5] *HHS Poverty Guidelines for 2023*, U.S. DEP'T OF HEALTH AND HUM. SERVS., https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Feb. 8, 2023).

## II.  RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS that Plaintiff's second Application to Proceed in the District Court Without Prepaying Fees or Costs (Dkt. No. 6) be DENIED. If the District Judge denies Plaintiff's Application, the undersigned further RECOMMENDS that Plaintiff be ordered to pay the $402.00 filing fee within thirty (30) days from the date of the order denying his Application.

## III.  RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 8th day of February, 2023.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE