UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

STEVE VAN HORNE,

     Plaintiff,

v.

ROBERT JONES, et al.,

     Defendants.

No. 1:23-CV-017-H-BU

## ORDER

United States Magistrate Judge John R. Parker made Findings, Conclusions, and a Recommendation (FCR) (Dkt. No. 7) regarding Steve Van Horne's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 6). Judge Parker recommended that the Court deny the application and order Van Horne to pay the $402.00 filing fee within 30 days of the date of its order. Dkt. No. 7 at 4. Van Horne timely filed an objection, restating representations he made in his initial application. Dkt. No. 8. For the reasons stated below, the Court accepts and adopts the FCR.

### 1.    Background

Proceeding pro se, Van Horne filed a complaint alleging that the defendants violated his constitutional rights when prosecuting him for driving without a driver's license. Dkt. No. 1. Van Horne also filed a Statement of Inability to Afford Payment of Court Costs. Dkt. No. 4. The magistrate judge ordered Van Horne to complete a formal application to proceed IFP (Dkt. No. 5), and Van Horne complied (Dkt. No. 6).

Van Horne represented in his application that he works for two different employers. Dkt. No. 6 at 2. He also documented an average monthly income of $2,700 over the last year, in addition to his wife's average monthly income of $1,200. *Id.* at 1. Nevertheless,

Van Horne claimed that he did not expect to receive any income in the next month.  *Id.*
Later in the application, Van Horne noted that because he "[is] a minister," he "ha[s] taken
a vow of poverty."  *Id.* at 5.  But he also confirmed that he does not "expect any major
changes to [his] monthly income . . . during the next 12 months."  *Id.*

Based on these representations, the magistrate judge found that Van Horne has a
combined yearly income of $46,800.  Dkt. No. 7 at 2.  Further, the magistrate judge found
that Van Horne failed to explain why he would not continue to receive income despite his
documented employment and confirmation that he does not expect his income to change
over the next year.  *Id.* at 2–3.  In light of applicable poverty guidelines, the magistrate judge
recommended that Van Horne be ordered to pay the filing fee.  *Id.* at 3.

Shortly after, Van Horne filed an objection, restating that he cannot pay the fee
because he has "entered into a vow of poverty."  Dkt. No. 8 at 1.  Van Horne concludes
that, in light of this vow, "he does not know what the cost of his work will be" and cannot
"comfortably answer th[e] question of income for any of the upcoming months."  *Id.* at 2.
He confirms, however, that "[t]he ministry has offered to pay for reasonable expenses
incurred for [his] ministerial duties," citing question nine of his application where he stated
that he does not expect major changes to his income over the next year.  *Id.* at 1.

**2.    Legal Standards**

Generally, the Court "must determine de novo any part of the magistrate judge's
disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C.
§ 636(b)(1).  But this rule only applies to objections that are "specific and clearly aimed at
particular findings in the magistrate judge's proposal."  *United States v. Swinton*, 251 F. Supp.
3d 544, 549 (W.D.N.Y. 2017) (citation omitted); *see* Fed. R. Civ. P. 72(b)(2).  "Objections

that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 67 (S.D.N.Y. 2013) (internal quotation marks omitted).  Similarly, an objection that merely disagrees with a recommendation or summarizes what has been presented before cannot trigger de novo review. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).  In such cases, a court reviews the FCR for plain error alone.  *See Freeman v. Am. Credit Acceptance, LLC*, No. 4:20-CV-01211-P-BP, 2021 WL 1015956, at *2 (N.D. Tex. 2021) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)).

**3.      Van Horne's claim that he cannot pay the filing fee due to his vow of poverty is conclusory and contradicted by the record.**

Van Horne's objection rests on representations previously made by him and considered by the magistrate judge.  In particular, he highlights his "vow of poverty," which he disclosed in his initial application.  *Compare* Dkt. No. 8 at 1, *with* Dkt. No. 6 at 5.  Van Horne also states that he does not expect to receive income next month.  Dkt. No. 8 at 2.  Again, he already made this claim in the application reviewed by the magistrate judge.  *See* Dkt. No. 6 at 1.  Van Horne attempts to provide clarifying context for the representations in his initial application; however, whether his income will be discontinued remains entirely unclear, as even he admits that he cannot "estimate [his expected income] at this point." *See* Dkt. No. 8 at 2.  Given the overlap of information presented in his initial application and his objection, the Court need only review the FCR for plain error.  And, here, it finds none.  The magistrate judge reasonably concluded based on available information that Van Horne failed to show how—despite having two jobs and a combined income of nearly $50,000 last year—he cannot pay a filing fee.

Even under a less deferential standard of review, Van Horne's objection falls short. Courts have held that a plaintiff who has documented present employment and consistent monthly income must sufficiently explain an expected drop in income to proceed IFP.  *See, e.g.*, *Salin v. Indus. Bldg. Prod.*, No. 20-CV-2290 (PJS/LIB), 2021 WL 7186801, at *1 (D. Minn. 2021) (denying a motion to proceed IFP when the plaintiff "g[ave] no explanation" for omitting expected future income); *Bell v. Gray*, No. 20CIV1588JPCSLC, 2022 WL 4617014, at *3 (S.D.N.Y. 2022) (finding that a plaintiff's "characteriz[ation] [of] himself as actively engaged in an activity that . . . produces income[] [wa]s inconsistent with his sworn statements in the IFP Application that he had 'no reliable expectation of future income'").

Without such an explanation, or even a clear indication of how much Van Horne expects his income to drop, the Court can only rely on the information available to it.  Here, that information shows that Van Horne is working two jobs, has consistently received monthly income over the last year, and does not expect any major changes to his financial situation.  Dkt. No. 6 at 1–2, 5.  Moreover, Van Horne states that "[t]he ministry has offered to pay for [his] reasonable expenses" and does not indicate that his wife will stop receiving income.  Dkt. No. 8 at 1.  His claim that he cannot afford to pay a filing fee due to his "vow of poverty" is conclusory and contradicted by the record.  Therefore, the Court finds that requiring Van Horne to pay the fee will not cause financial hardship.

## 4.    Conclusion

For the above reasons, the Court overrules Van Horne's objection and accepts and adopts the FCR (Dkt. No. 7).  Van Horne's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 6) is denied.  He shall have 30 days from the date of this order to pay the required filing fee of $402.00.

So ordered on March 7, 2023.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE