IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| STEVE VAN HORNE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:23-CV-00017-H-BU |
| JUDGE ROBERT JONES, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steve Van Horne brought this action under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. Previously, Van Horne sought leave to proceed *in forma pauperis* (IFP). The Court denied his request and ordered him to pay the filing fee. When Van Horne failed to pay, the Court dismissed the case. The case is back before the Court on Van Horne's Motion to Reinstate asking to reopen this case for further proceedings. Dkt. No. 29.

For the reasons below, the undersigned recommends that the Court DENY Van Horne's Motion.

**I. JURISDICTION**

Van Horne brings his claims under 42 U.S.C. § 1983 which provides the Court with subject-matter jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1. Venue is proper in the Northern District of Texas, Abilene Division, because Van Horne's claims are predicated

1

on events that occurred in Taylor County, Texas. 28 U.S.C. § 1391(b)(2). The undersigned has the authority to enter this Findings, Conclusions, and Recommendations (FCR) after United States District Court Judge James Wesley Hendrix automatically referred Van Horne's case to the undersigned for pretrial management under Special Order 3-251. *See also* 28 U.S.C. § 636(b)(1).

## II. FACTUAL & PROCEDURAL BACKGROUND

Van Horne filed this suit on January 18, 2023. Dkt. No. 1. He sought leave to proceed IFP that same day. Dkt. No. 4. On March 7, 2023, the Court accepted the undersigned's recommendation to deny Van Horne leave to proceed without paying the filing fee. Dkt. Nos. 7, 9. In its Order, the Court provided Van Horne 30 days to pay the filing fee. Dkt. No. 9.

In the middle of that 30-day period to cure the filing fee issue, on March 21, 2023, Van Horne filed a Notice of Unavailability in which he told the Court that he would be on a spiritual retreat from March 31, 2023, through May 26, 2023. Dkt. No. 11. The very same day, Van Horne also filed a Motion for Reconsideration—which the Court subsequently denied (Dkt. No. 12)—asking the Court to reconsider its Order requiring him to pay the filing fee. *See* Dkt. No. 10.

When Van Horne did not pay within the 30-day deadline, the Court granted him an additional 14 days. Dkt. No. 13. Still, Van Horne did not pay. On May 1, 2023, the Court dismissed Van Horne's claims without prejudice for failure to pay the filing fee. Dkt. No. 14.

Van Horne sought to appeal the Court's dismissal with his Notice of Appeal filed June 1, 2023. Dkt. No. 15. Van Horne filed a second Notice of Appeal and an Amended Notice of Appeal several weeks later. Dkt. Nos. 18, 19. On July 25, 2023, Van Horne filed a Motion to Extend Time to File Appeal which the Court denied because it came more than 30 days after the Court's Order dismissing his claims. Dkt. Nos. 23, 24. Then on August 7, 2023, the Fifth Circuit dismissed Van Horne's appeals as untimely. Dkt. No. 26.

On September 7, 2023, Van Horne filed his Motion to Reinstate Suit. Dkt. No. 29. In his Motion, Van Horne seeks relief under Federal Rules of Civil Procedure 6(b)(1)(B) and 60(b)(1)(C) asking the Court to reinstate this case citing surprise and excusable neglect as reasons justifying relief. *Id.* Van Horne's Motion largely reargues that his Notice of Appeal filed June 1, 2023, was timely, despite findings to the contrary by both this Court and, independently, the Fifth Circuit Court of Appeals. *See* Dkt. No. 26. He also insists that his failure to respond to this Court's orders to pay the filing fee was due to his inability to monitor his case while on his spiritual retreat. Dkt. No. 29 at 1–2.

### III. ANALYSIS

The undersigned construes Van Horne's Motion as seeking relief under Rule 60 of the Federal Rules of Civil Procedure as well as Civil Rule 6 and Rule 4 of the Appellate Rules of Appellate Procedure.

#### A.    Request for relief from judgment under Fed. R. Civ. P. 60

Van Horne seeks relief from this Court's Order dismissing his claims but has not demonstrated that he is entitled to relief under Rule 60. Federal Rule of Civil Procedure 60 allows a party to seek relief from a judgment or order. Relevant here, the Rule permits relief

upon several enumerated grounds including mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). The Rule also contains a catch-all provision that authorizes relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Typically, "relief under Rule 60(b) is considered an extraordinary remedy." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).

Van Horne submits that he was unable to monitor his case during a two-month period due to his religious practices. Because of this, he argues that the orders requiring him to pay the filing fee constitute surprise and his failure to comply with the orders was due to excusable neglect because he had no way of knowing that the Court had ordered him to pay the filing fee or had addressed his Motion for Reconsideration.

Van Horne's arguments are frivolous. The Court issued its Order requiring him to pay the filing fee within 30 days on March 7, 2023—*i.e.*, **before** Van Horne left for his spiritual retreat. Dkt. No. 9. Van Horne was aware of this Order because he sought reconsideration of it. Dkt. No. 10.

Van Horne filed a unilateral notice that he would be unavailable to the Court for two months. He neither sought nor obtained permission from the Court to stay his case or otherwise become incommunicado despite his knowledge that he was in the middle of a 30-day period provided by the Court to cure his filing fee issue. Van Horne's participation in a two-month retreat where he sequesters himself from worldly matters is undeniably his right. But his assumption that he has a corresponding right to ignore a federal court case that he had filed only two months earlier, particularly when the Court had ordered him to correct the threshold issue of paying the filing fee, borders on the absurd. Van Horne cannot

claim surprise that the Court did not suspend the docket in this case on such short notice. *See Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308, 312–13 (N.D. Tex. 2004) (discussing surprise standard).

And regardless of his reasoning, Van Horne made a deliberate choice to stop monitoring his case, which Rule 60 is not meant to remedy. *F.M.D. Holdings, LLC v. Regent Fin. Corp.*, No. 5:20-CV-269-H, 2021 WL 5883136, at *10 (N.D. Tex. Dec. 10, 2021) (Hendrix, J.) (Rule 60(b) is "not intended to relieve [a party] of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise.") (citation and internal quotation marks omitted); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) ("To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."). Here, unlike *Pioneer Inv. Servs. Co.*, it was not subsequent events that revealed the lack of wisdom in Van Horne's choice to leave his case unmonitored. It was the events, including orders of this Court, that were patent at the time he made that decision. Thus, the undersigned submits that Van Horne's actions do not constitute excusable neglect or a basis for relief under Rule 60(b)(6)'s catch-all provision.

### B. Request to extend deadline under Fed. R. Civ. P. 6 and Fed. R. App. P. 4.

Van Horne also seeks relief under Fed. R. Civ. P. 6 and Fed. R. App. P. 4. Civil Rule 6 governs extensions of time in connection with district court deadlines. While it is unclear which deadline Van Horne seeks to extend under Rule 6, he previously asked the Court to "grant an extension of 30 days to file an appeal" because he argues that he has shown "excusable neglect and good cause." *See* Dkt. No. 23. Van Horne currently alleges

that his absence due to his religious retreat was excusable neglect in failing to timely file his Notice of Appeal. Dkt. No. 29 at 2. Thus, the undersigned construes this as Van Horne seeking an extension of his deadline to file a notice of appeal.

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Van Horne's request to extend the notice of appeal deadline came after that deadline passed, thus Rule 6(b)(1)(B)'s excusable neglect standard applies here.

The standard for evaluating excusable neglect rests in equity where the court considers "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (citation and footnote omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010) (per curiam) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

Here, equity does not favor Van Horne. His lawsuit was dismissed because he failed to pay the filing fee. *See* Dkt. No. 14. And as explained above, Van Horne was fully aware of this issue and the March 7 Order to correct it within 30 days. Dkt. No. 9. There is no dispute that Van Horne received the March 7 Order to pay the filing fee. But rather than

pay it, Van Horne filed on March 21 a Motion for Reconsideration and, for the first time in this lawsuit, a notice to the Court that he would be unreachable beginning on March 31. Dkt. Nos. 10, 11. Van Horne faults the Court for refusing to wait another two months to tell him, yet again, that he is required to pay the filing fee. This is not excusable neglect, but rather the willful intransigence that is the hallmark of each lawsuit filed by Van Horne.

A construction of Van Horne's request under Fed. R. App. P. 4(a)(5) fares no better. A party must file a notice of appeal challenging an order within 30 days of the order's entry. Fed. R. App. P. 4(a)(1)(A). As both this Court and the Fifth Circuit Court of Appeals have told Van Horne, the applicable due date for a timely notice of appeal was May 31, 2023. Rule 4(a)(5) governs extensions of time to appeal in civil cases. That rule, when read together with Fed. R. App. P. 4(a)(1)(A), allows a district court to extend the time to file a notice of appeal provided the motion is filed within 60 days after the entry of judgment and the movant shows either excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

As Van Horne was previously instructed, *see* Dkt. No. 24 at 2–3, he was required to file a notice of appeal challenging the May 1 dismissal of his lawsuit within 30 days of the entry of that Order, which he did not do. *See* Fed. R. App. P. 4(a)(1)(A). With that deadline missed, Van Horne was required to file a Motion seeking to extend the deadline to file a notice of appeal within 30 days of its due date, or by July 1, 2023, and show excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5). Van Horne did not file his Motion to Extend Time to File an Appeal until July 25, 2023. *See* Dkt. No. 23. Nor, as explained above, did he demonstrate excusable neglect. For these reasons, Van Horne is not entitled

to relief under Fed. R. App. P. 4(a)(5). *See Mays v. Collins*, 887 F. Supp. 942, 946 (N.D. Tex. 1995) ("The provisions of Rule 4(a) are mandatory and jurisdictional.").

## V. CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DENY Van Horne's Motion to Reinstate Suit.

## VI. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Ordinarily, any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 4th day of June 2024.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE