UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| STEVE VAN HORNE,<br><br>        Plaintiff,<br><br>v.<br><br>JUDGE ROBERT JONES, et al.,<br><br>        Defendants. | No. 1:23-CV-017-H-BU |

## ORDER

The Court previously dismissed this case after it denied the plaintiff's request to proceed in forma pauperis (IFP) and gave the plaintiff multiple opportunities to pay the required filing fee, to no avail.  *See* Dkt. Nos. 9; 13; 14.  The plaintiff has filed a motion requesting reinstatement of the case.  Dkt. No. 29.  Before the Court is the United States Magistrate Judge's Findings, Conclusions, and Recommendations (FCR) recommending that the Court deny the motion.  Dkt. No. 31.  The plaintiff timely filed objections to the FCR.  Dkt. No. 32.  The Court overrules the objections, adopts the FCR (Dkt. No. 31) in full, and denies the plaintiff's motion to reinstate this case (Dkt. No. 29).

1.  **Factual and Procedural Background**[1]

This is the latest in a string of cases filed by the plaintiff, each of which assert that he has an absolute right to drive in Texas without a valid driver's license and that the State's driver's license requirement is unconstitutional.  *See* Dkt. No. 1 at 1.[2]  At the time of filing,

---

[1] The Court notes that none of its ruling is meant to cast aspersions on the plaintiff's religious faith or to question the sincerity of his beliefs.  Rather, the Court addresses his conduct and representations in this proceeding and his similar litigation in this District.

[2] *See also* Pl.'s Compl., *Van Horne v. Dean*, 1:24-CV-007-H (N.D. Tex. Jan. 16, 2024), ECF No. 1 at 1; Pl.'s Compl., *Van Horne v. Haag*, 1:23-CV-240-H (N.D. Tex. Dec. 26, 2023), ECF No. 1 at 1;  Pl.'s

the plaintiff requested to proceed IFP. Dkt. No. 4. On March 7, 2023, the Court denied the plaintiff's IFP application and ordered him to pay the required filing fee within 30 days. Dkt. No. 9. Prior to the expiration of the 30 days, the plaintiff filed a motion to reconsider his IFP application (Dkt. No. 10) and a Notice of Unavailability (Dkt. No 11). The Notice of Unavailability stated that "[d]ue to schedule and prior obligations" the plaintiff would be attending "a spiritual retreat from Friday, March 31 to Friday[,] May 26[,] 2023[,]" and would "not be available to reply to any correspondence" from the Court during this time. Dkt. No. 11.

The Court denied the plaintiff's motion to reconsider on March 31. Dkt. No. 12. On April 11, after the plaintiff failed to timely pay the required fee, the Court sua sponte extended his time to pay and gave him an additional 14 days. Dkt. No. 13. The Court also warned that failure to pay could result in dismissal. *Id.* That extended deadline passed, and the Court dismissed the plaintiff's claims without prejudice for failure to pay the required filing fee. Dkt. No. 14.

One month later, the plaintiff appealed the Court's denial of IFP status (Dkt. No. 9) and also filed a motion to proceed IFP on appeal. Dkt. Nos. 15; 16.[3] The plaintiff filed a new notice of appeal on July 21 and amended his original notice of appeal on July 22, indicating he wished to appeal both the denial of his IFP status and the dismissal of his suit. *See* Dkt. Nos. 18, 19. Additionally, a few days later, the plaintiff filed a motion to extend

---

Sec. Am. Compl., *Van Horne v. Valencia*, No. 1:21-CV-173-H (N.D. Tex. Mar. 30, 2022), ECF No. 15 at 1–2.

[3] After correcting the deficiencies in his motion to proceed IFP on appeal, the magistrate judge found that, upon consideration of new evidence presented with the amended motion, the filing fee would create a financial hardship for the plaintiff and granted his amended motion to proceed IFP on appeal. Dkt. No. 21.

his time to file an appeal. Dkt. No. 23. Because the plaintiff did not timely file a notice of appeal within 30 days of either order or timely seek extension of the filing deadline, the Court denied his motion to extend time to file an appeal and later denied the plaintiff's request to reconsider this order. Dkt. Nos. 24; 28. Likewise, the Fifth Circuit dismissed the plaintiff's appeal on August 7, 2023, *see* Dkt. No. 26, and the Supreme Court of the United States denied his petition for writ of certiorari on April 15, 2024, *see* Dkt. No. 30.

In a last-ditch effort to revive his claims, the plaintiff has now filed a motion to reinstate this suit, claiming his appeal was timely and, if not, his failure to timely appeal was a result of surprise and excusable neglect because he could not receive notice of or respond to the Court's correspondence during his spiritual retreat. Dkt. No. 29. Judge John R. Parker issued his FCR on June 4, 2024. Dkt. No. 31.

Judge Parker first found that the plaintiff had not shown excusable neglect under Federal Rule of Civil Procedure 60 because the plaintiff was aware of the 30-day time period to pay his filing fee and deliberately chose to cease monitoring his case or communicating with the Court during this time period. *Id.* at 4–5. Next, for essentially the same reasons, Judge Parker found that the plaintiff had not shown he was entitled to an extension of time to appeal based on excusable neglect or good cause under either standard in Federal Rules of Civil Procedure 4 and 6. *Id.* at 6–7. Thus, Judge Parker recommended that the Court deny the plaintiff's motion to reinstate the suit. *Id.* at 7–8.

The plaintiff timely objected, but he only rehashes the arguments set forth in his motion. *Compare* Dkt. No. 29 *with* Dkt. No. 32. First, the plaintiff again claims he is the victim of religious prosecution because the Court should have respected his right to attend the spiritual retreat and cut off communication with the Court during its two-month

duration. *Id.* at 3–4. The plaintiff contends he could have filed a timely appeal had the Court "scheduled its correspondence with him according to a time that he would be available to respond." *Id.* at 4. Additionally, the plaintiff reargues that his failure to timely file was due to his religious practices of attending the spiritual retreat and observing the Sabbath, which resulted in surprise when he returned to find the Court orders and deadlines and qualifies as excusable neglect. *Id.*

2.     **Legal Standards**

The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[A]n objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *Thompson v. Bumpas*, No. 4:22-CV-640-P, 2022 WL 17585271, at *1 (N.D. Tex. Dec. 12, 2022) (citing *United States v. Mathis*, 458 F. Supp. 3d 559, 564 (E.D. Tex.), *report and recommendation adopted by* 458 F. Supp. 3d 559 (E.D. Tex. 2020)). The district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Objections that merely reiterate arguments that have already been considered by the magistrate judge are not specific, and the district court reviews such objections for plain error. *See Carter v. AgAmerica, LLC*, No. 4:21-CV-1210-P, 2021 WL 5853186, at *1 (N.D. Tex. Dec. 9, 2021); *Freeman v. Am. Credit Acceptance, LLC*, No. 4:20-CV-1211-P-BP, 2021 WL 1015956, at *2 (N.D. Tex. Mar. 17, 2021).

3.  Analysis

Even in liberally construing Van Horne's redundant arguments,[4] the Court finds that the plaintiff has not asserted specific objections to the FCR beyond mere disagreement with Judge Parker's findings and repetition of prior arguments. The crux of the plaintiff's objections is that the Court violated his religious freedom by impermissibly entering orders and setting deadlines in his case instead of delaying any action until the plaintiff returned from his religious retreat. *See* Dkt. No. 32 at 3–5. The plaintiff claims his return date allowed him only a few days to respond to the Court's orders and deadlines after the retreat, and this constituted surprise and excusable neglect. *Id.* at 4. In his original motion, the plaintiff similarly argued that not allowing "ample time to attend to his religious practices" and "accommodate him" by extending his filing deadlines during his attendance at the religious retreat was a "violation of his protected rights." Dkt. No. 29 at 3. And that, upon his return from the retreat, he was surprised by the dismissal and acted in good faith to comply with appealing the dismissal, which constitutes excusable neglect. *Id.* at 2. Thus, the plaintiff essentially reasserts his arguments regarding violation of his religious freedom and that his suit should be reinstated because his failure to timely appeal was due to surprise or excusable neglect.

Judge Parker thoroughly evaluated these arguments and detailed his reasoning why the plaintiff has not established a basis to reinstate his claims. *See* Dkt. No. 31 at 4–5. The plaintiff concedes that he knew of the initial deadline to pay his filing fee prior to leaving for the retreat and made a deliberate choice to cease participating in his case for two months

---

[4] Judge Parker, as well as this Court, construed the plaintiff's filings liberally, as required by binding precedent. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023).

without the Court's permission. Dkt. No. 32 at 5. The plaintiff's contention that he was obeying a "command of the Most high" rather than the Court's orders, *id.*, amounts to a mere disagreement with Judge Parker's findings and does not relieve the plaintiff from his duty to abide by the Federal Rules of Civil Procedure or the Court's orders. And the plaintiff has cited to no authority that indicates otherwise.

Because the plaintiff did not assert specific objections to the FCR that would trigger a de novo review, the Court reviews the FCR for plain error. Having reviewed the FCR for plain error, the Court finds none.

## 4. Conclusion

Accordingly, the Court accepts and adopts the FCR (Dkt. No. 31) and denies the plaintiff's motion to reinstate his case (Dkt. No. 29). Additionally, the Court reiterates its prior warnings.[5] Continuing to file these lawsuits despite being told repeatedly by the Court that his claims are frivolous[6] may result in sanctions, including monetary fines or prohibitions on proceeding IFP or filing cases in this District without first obtaining leave from a United States District Judge. *See, e.g.*, *Mendoza v. Lynaugh*, 989 F.2d 191, 195–96 (5th Cir. 1993); *Greene v. U.S. Postal Serv.*, No. 3:20-CV-1172-E-BK, 2020 WL 3455130, at *1–2 (N.D. Tex. May 26, 2020), *report and recommendation adopted by* 2020 WL 3452279 (June 24, 2020).

---

[5] *See* Order, *Van Horne v. Haag*, No. 1:23-CV-240-H (N.D. Tex. May 6, 2024), ECF No. 15 at 2.

[6] *See* Order, *Van Horne v. Valencia*, No. 1:21-CV-173-H (N.D. Tex. Sept. 20, 2021), ECF No. 8 at 67–70.

So ordered on August 20, 2024.

                                                    _____
                                                    JAMES WESLEY HENDRIX
                                                    UNITED STATES DISTRICT JUDGE